UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAJIV P. RAMJAS,

                Plaintiff,

     -against-

TAMARA KERSH; FIONA MORGAN; JAMES
MACHETTI; TERRY SHIRLINE; GEICO
INDEMNITY CORP.; NASSAU REHABILITATION
CENTER; JEEP DODGE RAM; CARRIAGE HOUSE
COLLISION; HERTZ CORPORATION; and USPS,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-6629 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

On November 12, 2025, *pro se* plaintiff Rajiv P. Ramjas ("Plaintiff") filed this action in the U.S. District Court for the Southern District of New York against defendants Tamara Kersh, Fiona Morgan, James Machetti, Terry Shirline, Geico Indemnity Corp., Nassau Rehabilitation Center, Jeep Dodge Ram, Carriage House Collision, Hertz Corporation, and USPS (individually, "Defendant"; collectively, "Defendants"). *See generally* Complaint, Dkt. 1 (the "Complaint" or "Compl."). That same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See generally* Application to Proceed Without Prepaying Fees or Costs, Dkt. 2 (the "IFP Motion"). On November 19, 2025, U.S. District Court for the Southern District of New York Judge Laura Taylor Swain issued an order transferring this action to U.S. District Court for the Eastern District of New York, *see* Transfer Order, Dkt. 5, and on December 1, 2025, the transfer was effectuated.

Plaintiff's IFP Motion is granted and, for the reasons stated below, the Complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 30 days from the date of this order.

## BACKGROUND

Plaintiff filed a form complaint for civil action on November 12, 2025, which broadly appears to concern a January 22, 2025, rear-end automobile collision on the Long Island Expressway and a March 21, 2025, automobile collision with a fire hydrant in the Bayside neighborhood of Queens, as well as related car insurance, medical care, car repair, and rental car matters arising between January and August 2025. *See generally* Compl. Asked to state briefly the facts supporting his case, Plaintiff submits several pages concerning a series of difficult-to-follow events from which the following excerpts are extracted:

> I was in an accident rear ended on 1/25. I was denied medical care from Northwell released w/ out shoes. after my plate was used over Bridge + tunnels LNJ7521 CRV 2005 which was total loss @ Conti Collision on 1/22/25. My policy after getting a new one @ Jeep got cancelled for false accusations. I never consented to a recorded call from unknown person named Priya Rajapa. Upon LSF 7502 hit a hydrant a police report was made that I rear ended someone – leading my rental to get stolen from J-d Towing 1155TT N.Y Plate. 6/5/25 Terry Shirline took car back throwing my mother whos 74 on floor at 4 am in Aug 2025 after failing to fix it.
> . . .
> That they have no paper work and I paid 3 times by giving this dealer a direct deposit form b/c he said it would help my credit only to harm it. Speaking to Nassau Correction officers Kylie Seca invades my HIPPA Act decides to harass me @ hospitals outpatient psychiatrist + primary care doctors for advantage at prescriptions. Plats on Jeep when taken came from large brokerage KWT 9689 which told me a 90 day policy was suddenly 60 days + they changed rules. This is discrim, harass on all behalfs.

Compl. at 5, 7-9.[1]

Plaintiff references the injuries that he suffered in the accident and that "USPS failed to register mailbox violating Bank Secrecy Act 1974 Fair Credit Reporting Act Am. Honda Financial." *Id.* at 7. In addition to these laws, Plaintiff references "Privacy Invasion, 15th, 16th Amendments" and his "Lifetime Warranty on all Geico xpress claims." *Id.* at 2. He seeks

---

[1] The Complaint's page numbers referenced herein are located in the Complaint's auto-generated ECF header.

2

damages, "total replacement with new insurance," and his "criminal case overturned through appeal in Nassau + Queens." *Id.* at 7.

## LEGAL STANDARD

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Further, Federal Rule of Civil Procedure 8 ("Rule 8") requires a plaintiff to provide a "short and plain statement" of his claim against each named defendant so that they have adequate notice of the claims against them. FED. R. CIV. P. 8(a)(2); *see Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). At a minimum, a complaint must "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119,

3

123 (2d Cir. 1991)).  A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8.  *Id.*

With that said, a *pro se* complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Nevertheless, the "basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."  *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019) (per curiam) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).

## DISCUSSION

Even construed liberally, the Complaint fails to meet basic pleading requirements.  Specifically, it fails to provide a "short and plain" statement of Plaintiff's claims against each named Defendant such that each Defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Id.* (first quoting FED. R. CIV. P. 8(a)(2); then quoting *Kittay*, 230 F.3d at 541).  Plaintiff appears to seek relief from individuals and entities who were involved in his attempts to repair and replace his car and obtain car insurance after two 2025 automobile accidents, but the Complaint does not suggest a basis for relief or whether such relief is within this Court's power to consider.  *See* Compl.  Although the Complaint references the Fifteenth and Sixteenth Amendments to the United States Constitution and the Fair Credit Reporting Act, these authorities are untethered to the facts asserted in the Complaint, such that, even read liberally, the Court cannot connect them.  The Court therefore does not find that Plaintiff's allegations state a plausible claim for relief.  *See Hall v. N.Y.C. Hous. Dep't*, 22-cv-06692 (HG) (SJB), 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing

4

a *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege").

## CONCLUSION

Accordingly, Plaintiff's action is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); FED. R. CIV. P. 8(a)(2). In light of Plaintiff's *pro se* status, Plaintiff is granted 30 days to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 596-97 (2d Cir. 2000).

If Plaintiff chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting each claim. Plaintiff should describe what each named Defendant or Defendants did or did not do, and how each Defendant caused Plaintiff injury. Plaintiff must also provide the dates and locations for each relevant event. Finally, Plaintiff must set forth the remedy he seeks. Plaintiff is advised that an amended complaint completely replaces the Complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint. The amended complaint must be captioned "Amended Complaint" and include docket number 25-CV-6629 (OEM) (LKE). For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Federal Pro Se Legal Assistance Project is not a part of, or affiliated with, the Court.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time, and all further proceedings shall be stayed. If Plaintiff fails to file an amended complaint within 30 days of the date of the entry of this order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

                                                                             /s/
                                          ORELIA E. MERCHANT
                                          United States District Judge

January 5, 2026
Brooklyn, New York